E-FILED
Thursday, 18 August, 2005  04:37:27 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Teresa Miller, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  04-1342 |
| ) | |
| CIBER Network Services, Inc., ) | |
| State Farm Insurance Co.[1], ) | |
| Dan Covey, ) | |
| Gordon Henderson, and, ) | |
| Unknown Defendants ) | |
| ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on

the pending motions to dismiss for insufficient service of process, failure to

prosecute, and failure to state a claim.  (d/e's 4, 5, 10, 15, 16).

## BACKGROUND

Plaintiff filed this action *pro se* on October 5, 2004.  Her Complaint

alleges claims under 42 U.S.C. § 2000e ("Title VII") for sexual harassment,

unlawful retaliation, and a hostile work environment.  Plaintiff also alleges

---

[1]Defendant State Farm Mutual Automobile Insurance Company asserts it is erroneously sued as "State Farm Insurance Company."  The Court refers to this defendant as "State Farm."

state claims of sex discrimination based on the Illinois Constitution, Art. 1, §17, and sex discrimination, sexual harassment, and unlawful retaliation under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq* ("IHRA").

On February 7, 2005, the Court directed Plaintiff to file a status report and show cause why her case should not be dismissed for want of prosecution, because the docket did not reflect service on any of the defendants.  (2/7/05 text entry).  In response, Plaintiff filed a status report, along with notarized and signed affidavits of service that averred successful service of summons on Defendants State Farm, CIBER and Henderson. (d/e's 6-9).[2]

The same day Plaintiff filed her status report, Defendants State Farm and CIBER Network Services, Inc. ("CIBER") filed motions to dismiss for insufficient service of process (d/e's 4, 5), and later filed motions to dismiss for lack of prosecution in April, 2004 (d/e's 15, 16).  On February 22, 2005, Defendant Henderson filed a motion to dismiss for insufficient process and for failure to state a claim under Fed. R. Civ. P. 12(b)(6)(d/e 10).  In March, 2005, counsel appeared on behalf of Plaintiff.

---

[2]Plaintiff did not explain why Defendant Covey has apparently not been served. The docket still reflects no service of process on Defendant Covey.

**ANALYSIS**

**I.  SERVICE OF PROCESS**

**A. Unsigned Complaint**

Defendants submit affidavits that the Complaint they received was unsigned, had no case number, and bore no stamp indicating the Complaint had been filed in court.  (attachments to d/e's 4, 10, 16). Affidavits may be considered with Rule 12(b)(5) motions.  *See* Grantham v. Challenge-Cook Bros., Inc., 420 F.2d 1182, 1186 (7th Cir. 1969)(affirming quash of service based on uncontroverted affidavit); Vance Products, Inc. v. Oasis Medical, Inc., 2002 WL 449798 (S.D. Ind. 2002)(not reported in F.Supp.2d)(court may consider affidavits on Rule 12(b)(5) motion).  Plaintiff does not admit nor deny this, but she asserts that no rule requires the copy provided *Defendants* be signed, and, in any event, that Rule 11(a) gives her the opportunity to correct the error by providing a signed copy.

It is not clear if Defendants are arguing that service of an unsigned, unstamped Complaint makes service insufficient in and of itself, or whether they are arguing that the *combination* of the unsigned Complaint and the alleged lack of summons makes service ineffective.  The Defendants offer no authority to support the conclusion that service of a signed, stamped

Complaint is required under Fed. R. Civ. P. 4 to effect service.  Some of these particulars are expressly required for the summons in Fed. R. Civ. P. 4(a), but there is no mention of the form required for the Complaint.  In any event, the problem is easily corrected by directing Plaintiff to provide Defendants a signed, stamped copy of the Complaint.

### B.  Summons

Defendants' affidavits also state that no summons was served with the Complaint they received on January 28, 2005.

This is more problematic than an unsigned Complaint because Fed. R. Civ. P. 4(c)(1) expressly directs that "[a] summons shall be served together with a copy of the complaint," and places that burden on the plaintiff to serve both the summons and complaint within the time frame under Fed. R. Civ. P. 4(m)(120 days after filing complaint).  Service of the complaint alone is not enough, under the plain requirements of Rule 4(c)(1).

Plaintiff, however, has evidence that summons *was* properly served. In response to the Court's show cause order, she filed copies of notarized affidavits of service signed by Fred Bowman, who avers that he was authorized to serve and did serve summons on Defendants State Farm,

CIBER and Henderson.  (d/e's 6-9).  *See* O'Brien v. R.J. O'Brien & Assoc.,

Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)("signed return of service

constitutes prima facie evidence of valid service, 'which can be overcome

only be strong and convincing evidence.'")(quoted cite omitted).

The parties' conflicting affidavits present a disputed question of fact

that cannot be resolved on the pleadings.  Resolution would require more

discovery and, perhaps, an evidentiary hearing.  Yet, even if it is eventually

determined that Defendants did not receive the summons, dismissal would

not be automatic under Rule 4(m).  The Court could instead "direct that

service be effected within a specified time," or extend Plaintiff's time to

serve for good cause shown.  Fed. R. Civ. P. 4(m).

In sum, the Court believes dismissal is unwarranted in light of

Plaintiff's *pro se* status at the time she attempted service, her reasonable

reliance on the process server's affidavit of service, and the factual dispute

regarding service of the summons.  There is nothing in the record to

suggest that Plaintiff should have suspected a problem with service until

Defendants filed their motions.  *See, e.g.,* Reifsteck v. Kelly-Springfield Tire

Corp., 2002 WL 206488 (N.D. Ill. 2002)(not reported in F.Supp.2d)

(declining to decide "battle of affidavits" regarding service and denying Rule

12(b)(5) motion); Trotter v. Oppenheimer & Co., Inc., 1997 WL 102531

(N.D. Ill. 1997)(not reported in F.Supp)(giving plaintiff additional time to

serve defendant in light of conflicting affidavits).

## C. CIBER

In addition to the above arguments, CIBER asserts that Plaintiff

served the Complaint on CIBER, Inc., not Ciber Network Services, Inc..

One affidavit in support of this argument is from CIBER's attorney, whose

statements regarding service are not based on his personal knowledge but

based on his interview of employees.  (d/e 5, attached affidavit).  In any

event, the affidavit states only that CIBER, Inc. is not the same corporation

as Ciber Network Services, Inc., which does not automatically mean

service was insufficient.  There is no information in the record regarding the

relationship between the two corporations (for example, perhaps Ciber

Network Services, Inc., has been consolidated with CIBER, Inc.).[3]

Similarly, the affidavit of the person who received the Complaint, Gary

Neuman, states that he works for CIBER, Inc., but does not address

_____

[3]See corporate report on CIBER Network Services, Inc., on Illinois Secretary of State's website, www.cyberdriveillinois.com, which lists CIBER Network Services, Inc., as merged or consolidated in December, 1999.

whether he is authorized to accept service on behalf of CIBER Network Services, Inc..

CIBER does not dispute Plaintiff's assertions that the Bloomington, Illinois address she used to serve CIBER is its mailing address, which she asserts is the same address as CIBER, Inc., and that a 1999 press release indicated that CIBER Network Services Inc. is a wholly owned subsidiary of CIBER, Inc.  (d/e 20, Ex. 1).  Further, the affidavit of service reflects service on CIBER Network Services, Inc..  On the present record,  CIBER's argument is therefore unsupported.  In any event, as discussed above, dismissal would not be warranted even if service was insufficient on this basis.

## II.  LACK OF PROSECUTION

Defendants CIBER and State Farm argue that the case should be dismissed for Plaintiff's lack of diligence in serving them and in responding to their motions to dismiss.  Defendant State Farm asserts that Plaintiff's attorney has failed to timely seek admission to the court, and the "history of the proceedings as a whole demonstrates a complete lack of diligence . . . .,"  (d/e 15, ¶ 8).  Defendant State Farm also asserts that Plaintiff filed her Complaint 12 days after the 90-day deadline in her right to sue notice.

The Court recognizes that Defendants and the Court have a legitimate interest in all parties adhering to established deadlines. However, looking at the record as a whole, the Court does not believe Plaintiff has exhibited the kind of dilatory behavior that would justify the extreme sanction of dismissal for lack of prosecution. Plaintiff did timely respond to the Court's order directing her to file a status report regarding service (d/e 6). It is true Plaintiff did not timely respond to the motions to dismiss, even after being granted an extension. (*see* 3/9/05 text order granting extension). However, she did file responses after the Court's 4/26/05 text order directing her to do so (though, as State Farm points out, about six hours late based on the local rules for electronic filing).

As to the deadline set forth in Plaintiff's EEOC notice of right to sue, the notice warns Plaintiff that she must sue within 90 days of her *receipt* of the notice. *See* Threadgill v. More USA, Inc., 269 F.3d 848, 849-50 (7th Cir. 2001)(Title VII action must be filed within 90 days of *receiving* notice). The record is not developed on Plaintiff's date of receipt, nor on the other facts relevant to whether Plaintiff's claim is time-barred. *See* Simmons v. Ill. Dept. of Mental Health, 74 F.3d 1242 (7th Cir. 1996)(90-day time limit subject to equitable modification). Regardless, even if Plaintiff's claim is

time-barred, dismissal for lack of prosecution is not the answer, and that is the only grounds asserted by Defendant State Farm.

## III.   DEFENDANT HENDERSON'S MOTION TO DISMISS UNDER RULE 12(B)(6)

As Plaintiff concedes to the dismissal of Counts I, II, III, and IV against Defendant Henderson, the Court addresses only Counts V and VI.

### A.  Claims under the Illinois Human Rights Act (Counts V, VI)

Plaintiff argues that she does not need to exhaust her administrative remedies under the Illinois Human Rights Act in order to join those claims with her Title VII claims.  She does not address Defendant Henderson's argument that "Illinois courts do not have jurisdiction to hear independent actions for alleged human rights violations, rather judicial review is only available under the IHRA after the Illinois Human Rights Commission has issued a final order on a complaint."  (d/e 11, p. 7, *citing* 775 ILCS 5/8-111(c)).  Defendant Henderson argues that her claims under the IHRA must be dismissed because Plaintiff has not alleged she has followed this procedure.

Defendant Henderson is correct.  The Illinois Human Rights Commission has exclusive jurisdiction over civil rights violations covered by the Act.  775 ILCS 5/8-111(c).  Other courts accordingly lack jurisdiction to

hear claims under by the Act, except as judicial review of the Illinois Human Rights Commission's ruling.  Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278, 281-82 (7th Cir. 2002)(Illinois Human Rights Act enforceable only in administrative proceedings and not by original suit in court); Mazurek v. Cook County, 2003 WL 21266712, n.1 (N.D. Ill. 2003)(note reported in F.Supp.2d)(plaintiff with right to sue letter from EEOC still must exhaust IHRA claims before the Commission); Peters v. Fansteel, Inc., 736 F.Supp. 198, 201 (N.D. Ill. 1990)(dismissing IHRA claims where plaintiff did not allege exhaustion of administrative remedies).

Here, Plaintiff's argument that she does not need to exhaust her administrative remedies on her IHRA claims effectively concedes that she has not done so.  (d/e 21, p. 5).  Her claims against Defendant Henderson based on the Illinois Human Rights Act must therefore be dismissed for lack of subject matter jurisdiction (Counts V & VI).  The same result is inevitable as to Defendants State Farm and CIBER, though they have not moved for dismissal of the IHRA claims on these grounds yet.  Because the Court lacks subject matter jurisdiction over Plaintiff's IHRA claims, they would have to be dismissed *sua sponte* even if Defendants never raised the issue.  Hay v. Indiana State Bd. of Tax Commissioners, 312 F.3d 876,

879 (7th Cir. 2002)("not only may the federal courts police subject matter

jurisdiction sua sponte, they must").  The Court therefore also recommends

that Counts IV, V & VI be dismissed as to all Defendants.[4]

## B.  Defamation

Defendant Henderson advances that Plaintiff fails to state a claim of

defamation against him (Count VII).

Plaintiff alleges that, after her cooperation in an internal investigation

regarding sexual harassment charges against Defendant Covey, she was

called to a meeting by State Farm's human resources department to

answer questions about the distribution of pornographic material.  Plaintiff

denied any knowledge.  A few days later, Plaintiff was questioned about a

computer disk that Defendant Henderson had turned in to State Farm's

Human Resources department, "claiming that he had come into possession

of the CD via Covey, and that Covey had come into possession of the CD

via Plaintiff."  (Complaint, d/e 1, ¶ 31).  At that time, Plaintiff was given no

more information about the CD other than that it purportedly contained

---

[4]Count IV is titled "Illinois Constitution, Art. 1, Section 17: Sex Discrimination."
However, this count is also brought under the IHRA–Plaintiff alleges in this count that
Defendants are employers and Plaintiff is an employee under the IHRA.  "[W]here the
[IHRA] provides coverage, it is the exclusive remedy for employment discrimination."
Baker v. Miller, 159 Ill.2d 249, 256, 636 N.E.2d 554 (1994).

pornographic material.  Plaintiff denied any knowledge or involvement in the creation of the CD–she had been hospitalized at the time of its creation. Plaintiff believes the contents of the CD were manipulated to falsely imply she was the creator, and that the CD  "was an example of Covey following through on his threat to jeopardize Plaintiff's employment" because she had cooperated in the sexual harassment investigation which ultimately led to Covey's termination.

Plaintiff's defamation action against Defendant Henderson is based on "Defendants' publication of unfounded, false allegations stating or implying that Plaintiff engaged in the manufacture, production, and/or distribution of pornography . . . ."  Complaint, d/e 1, ¶ 66).

Defendant Henderson argues that a qualified privilege protects him from Plaintiff's defamation action.  He maintains that State Farm "had a legitimate interest in knowing who the CD came from, and as such, Henderson's alleged comment was protected by a qualified privilege" that can only be overcome if the plaintiff pleads and proves it was made with actual malice.  (d/e 11, p. 8).  Plaintiff counters that Defendant Henderson cannot claim privilege because he allegedly communicated the information to others outside the scope of the investigation.

The Court believes Plaintiff has sufficiently given notice of her defamation claim against Defendant Henderson, which is all she must do at this point to survive a Rule 12(b)(6) motion to dismiss. Plaintiff's allegations must be accepted as true at this stage, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to her. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004). Pleading particular facts is not required to state a claim. Fed. R. Civ. P. 8; Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003)(Rule 8 does not permit judges to require fact pleading); Beanstalk Group, Inc. v. AM General Corp., 283 F.3d 856, 862 (7th Cir. 2002)(federal notice pleading applies to state claims in diversity suits).

The particular circumstances of Defendant Henderson's statements about the CD are not in the record, so it is not possible to determine whether the qualified privilege applies, or, if so, whether circumstances exist that might overcome the privilege. Parker v. House O'Lite Corp, 324 Ill.App.3d 1014, 1029, 756 N.E.2d 286, 299 (1st Dist. 2001)(whether qualified privilege abused normally an issue of fact). That determination should be made on a developed factual record at summary judgment or trial. The cases cited by Defendant Henderson do not compel a different

result–they were decided on factually developed records as well.  *See, e.g.,* Parker v. House O'Lite Corp., 324 Ill.App.3d 1014, 756 N.E.2d 286 (1st Dist. 2001)(decided on summary judgment); 96 Ill.App.3d 367, 421 N.E.2d 409 (3d Dist. 1981)(decided after bench trial).

WHEREFORE, the Court RECOMMENDS that the motions to dismiss by Defendants State Farm and CIBER be denied (d/e's 4, 5, 15, 16).  The Court FURTHER RECOMMENDS that Plaintiff be directed to serve summons and a copy of the signed, stamped Complaint upon Defendants CIBER, State Farm and Henderson within 21 days after the District Court's adoption of this Report and Recommendation (if it is adopted).

The Court ALSO RECOMMENDS that the motion to dismiss by Defendant Henderson be granted in part and denied in part (d/e 10).  The Court recommends that Plaintiff's Counts I, II, III, IV, V and VI be dismissed against Defendant Henderson pursuant to Fed. R. Civ. P. 12(b)(6).  The Court recommends Defendant Henderson's motion to dismiss be denied in all other respects.  If this Recommendation is adopted, the only count remaining against Defendant Henderson is Count VII (defamation).

LASTLY, THE COURT RECOMMENDS that Counts IV, V, and VI (which are based on the Illinois Human Rights Act) be dismissed *sua sponte* as to all Defendants for lack of subject matter jurisdiction.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    August 18, 2005

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE