IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Teresa Miller, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-1342 |
| | ) | |
| Ciber Network Services, Inc., | ) | |
| State Farm Insurance Co., | ) | |
| Dan Covey, and | ) | |
| Gordon Henderson, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on the motions to dismiss by defendants Ciber Network Services, Inc. ("Ciber"), and State Farm Insurance Co. ("State Farm"), pursuant to Fed. R. Civ. P. 41(b).  (d/e's 27, 29).  For the reasons below, the Court recommends the motions be granted and the claims against Ciber and State Farm be dismissed pursuant to Fed. R. Civ. P. 41(b).  The Court further recommends Defendant Covey be dismissed for failure to serve him pursuant to Fed. R. Civ. P. 4(m).  Because that leaves only a state claim

against defendant Henderson, the Court lastly recommends the District Court decline supplemental jurisdiction of this claim, thus terminating the case.

## Background

Plaintiff filed this action *pro se* on October 5, 2004. On February 7, 2005, the Court directed Plaintiff to file a status report and show cause why her case should not be dismissed for want of prosecution, because the docket did not reflect service on any of the defendants. (2/7/05 text entry). On February 17, 2005, Plaintiff filed a status report, along with notarized and signed affidavits of service that averred successful service of summons on Defendants State Farm, Ciber and Henderson. (d/e's 6-9). Plaintiff did not address service on Defendant Covey and Covey has not appeared in this action.

In February, 2005, Defendants State Farm, Ciber and Henderson filed motions to dismiss for insufficient service of process (d/e's 4, 5, 10). Defendant Henderson also moved to dismiss for failure to state a claim. (d/e 10).

In March 8, 2005, counsel appeared on behalf of Plaintiff. The next day, the Court granted Plaintiff's counsel leave to appear *pro hac vice*, and

granted an extension, to April 11, 2005, to file a response to the pending motions to dismiss. (3/9/05 text entry). Plaintiff missed that deadline, which led to motions to dismiss for lack of prosecution by defendants CIBER and State Farm (d/e 15, 17). The Court directed Plaintiff's counsel to finalize her bar admission and file responses to all the pending motions by May 9, 2005. (4/26/05 text entry). Plaintiff did file those responses.

On August 18, 2005, this Court recommended that the motions to dismiss for insufficient service of process be denied, but that Plaintiff be directed to serve summons and the Complaint on Ciber, State Farm, and Henderson:

> The parties' conflicting affidavits present a disputed question of fact that cannot be resolved on the pleadings. Resolution would require more discovery and, perhaps, an evidentiary hearing. Yet, even if it is eventually determined that Defendants did not receive the summons, dismissal would not be automatic under Rule 4(m). The Court could instead "direct that service be effected within a specified time," or extend Plaintiff's time to serve for good cause shown. Fed. R. Civ. P. 4(m). . . In sum, the Court believes dismissal is unwarranted in light of Plaintiff's pro se status at the time she attempted service, her reasonable reliance on the process server's affidavit of service, and the factual dispute regarding service of the summons. (d/e 25).

In light of the conflicting affidavits, this Court recommended that Plaintiff be directed to serve summons and a copy of the signed, stamped

Complaint upon Defendants Ciber, State Farm and Henderson. (d/e 25, p. 14). No objections were made to that Report. On September 8, 2005, the District Court adopted the Report and Recommendation in its entirety and directed Plaintiff to serve summons and a copy of the signed, stamped Complaint upon Defendants Ciber, State Farm, and Henderson within 21 days, by September 29, 2005. (d/e 26, p.2).

On October 6 and 14, 2005, Defendants Ciber and State Farm filed respective motions to dismiss for lack of prosecution, their second. Both assert that they were not served with summons and Complaint as required by the District Court's order of September 8, 2005. Plaintiff filed a timely response to those motions. She admits that she did not serve the Defendants again, but she maintains that service was effective originally, and that good cause existed for her failure to serve the Defendants in accordance with the District Court's September 8, 2005 order.

## Analysis

The Court recommended denial of the Defendants' first motions to dismiss for lack of prosecution, noting:

> The Court recognizes that Defendants and the Court have a legitimate interest in all parties adhering to established deadlines. However, looking at the record as a whole, the Court does not believe Plaintiff has exhibited the kind of dilatory

> behavior that would justify the extreme sanction of dismissal for lack of prosecution. Plaintiff did timely respond to the Court's order directing her to file a status report regarding service (d/e 6). It is true Plaintiff did not timely respond to the motions to dismiss, even after being granted an extension. (see 3/9/05 text order granting extension). However, she did file responses after the Court's 4/26/05 text order directing her to do so (though, as State Farm points out, about six hours late based on the local rules for electronic filing).

(d/e 25, pp. 7-8).

Since, then, however, Plaintiff has failed to serve Defendants Ciber and State Farm as required by the District Court's order of September 8, 2005. Plaintiff concedes this in her response, and there is no indication, even as of this writing, that Plaintiff has attempted to comply with that order.

Plaintiff's counsel explains that counsel's spouse and law partner was determined to be fully disabled by the Social Security Administration in February, 2005. She maintains that her spouse had to be hospitalized on September 1, 2005, and was discharged one or two days before the District Court's September 8, 2005 order. She asserts that she was:

> fully engaged in making interior structural modifications to her home [to care for her spouse] while simultaneously providing continuous monitoring and home health care to her spouse *and* operating what has become a solo practice with a two-lawyer caseload. . . . On the eve of the Court's deadline for service Counsel realized that she had not received any reply from

> Plaintiff [regarding counsel's e-mail to contact her so that Plaintiff could obtain summonses]. By then it was too late for her to obtain original summonses as she planned. . . Instead, Plaintiff's counsel printed out the summonses and Complaint from ECF and sent them to the defendants.

(d/e 30 at 2-3).[1]

The Court is not without sympathy for counsel and her spouse. Yet, Plaintiff's counsel appeared in this case in March, after her spouse was deemed fully disabled, and took the case on with knowledge of that situation. The Court also notes that the Report and Recommendation was entered in August, before counsel's spouse was hospitalized in September.

More importantly, though, Plaintiff's counsel did <u>nothing</u> to advise the Court of the situation or ask for more time to file objections to the Report or to comply with the District Court's order. Even at this writing, the record does not show <u>any</u> attempts to comply with the District Court's September 8, 2005 order. Nothing has prevented Plaintiff from obtaining service on Defendants while these motions were pending, or immediately after she discovered the lapse, on September 29, 2006, before the motions to

---

[1] The Court notes that Plaintiff's counsel could have printed off the summonses on-line form, completed them, and mailed them to the clerk without Plaintiff's assistance. www.ilcd.uscourts.gov/forms, us court forms library. *See also* Administrative Procedures for electronic filing in civil cases, II(A)(3)(summonses).

dismiss were filed. Alternatively, Plaintiff could have filed a motion for extension immediately upon learning of the lapse, but she did not.[2] Instead, counsel simply mailed the old summons and complaint to Defendants (patently not in compliance with the District Court's order), keeping silent until Defendants filed their second motions to dismiss for lack of prosecution. In light of this pattern of clear delay, the Court does not believe extending the time for compliance with the District Court's September 8, 2005 order is likely to advance this litigation.

Plaintiff also argues that Defendants were properly served the first time, so formal service was not necessary. Yet this Court found that to be a disputed question of fact. (d/e 25, p.5). Plaintiff could have filed objections to that Recommendation, but she filed nothing until Defendants moved to dismiss (again) for lack of prosecution. Her argument now that service was proper initially is a request for this Court to revisit its Report and Recommendation, or an attempt to make arguments waived by her failure to object to that Report. (d/e 26, District Court Order)("As the parties failed to present timely objections, any such objections have been waived."). The same applies to Plaintiff's argument that Defendants have

---

[2]Plaintiff does ask on the last page of her response for an extension of time for service, but she did not file a motion requesting such an extension at any time.

waived their objections to service by participating in this litigation and by agreeing to accept electronically filed documents as originals.[3]  (d/e 30, p.3).

The Court accordingly believes dismissal under Rule 41(b) of the claims against Defendants State Farm and Ciber for failure to comply with the District Court's September 8, 2005 order is warranted.  Further, that the dismissal be with prejudice.  Rule 41(b) of the Federal Rules of Civil Procedure provides in part as follows:

> "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

---

[3] In any case, the administrative procedures specifically state that "A party may not electronically serve a case initiating document, but instead must effect service according to Fed.R.Civ.P.4."  Administrative Procedure II(A)(2)(b), available on the District's website, www.ilcd.uscourts.gov/attorneys.  Further, Defendants did not waive their objections to the sufficiency of service by filing their motions to dismiss.  *See Trustees of Cent. Laborers Fund v. Lowery*, 924 F.2d 731, 733 (7th Cir. 1991)("party may waive a defense of insufficiency of process by failing to assert it seasonably in a motion or their first responsive pleading").  The first pleadings filed by CIBER and State Farm were motions to dismiss for insufficient service.

The Court believes, in the exercise of its discretion, dismissal with prejudice is appropriate under the procedural history of this cause.[4] Plaintiff's failure to follow a clear order from this Court requires same, despite Plaintiff's request for leave to refile.[5]

That leaves Defendants Covey and Henderson. As to Covey, Plaintiff has not asserted that she properly served Covey, despite the Court's order to show cause on February 7, 2005, and Covey has not appeared in this action. Accordingly, the Court recommends Defendant Covey's dismissal as well.

As to Defendant Henderson, the only claim remaining against him is based on state law (defamation). (d/e 25, p.14; d/e 26, p.2). Without any federal claims left, the Court recommends supplemental jurisdiction be declined on the remaining state law claim, and that it also be dismissed without prejudice to refiling in state court. 28 U.S.C. § 1367(c)(3); *see also*

---

[4] The Court understands that "'A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *Pyramid Energy, Ltd. V. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir. 1989)(quoted cites and other cites omitted).

[5] Plaintiff does ask for leave to immediately refile the case if the motions to dismiss are granted (d/e 30, p.4).

*O'Grady v. Village of Libertyville*, 304 F.3d 719, 725 (7th Cir. 2002) (upholding dismissal of state claims after disposition of federal claims).

WHEREFORE, the Court RECOMMENDS that the motions to dismiss by Defendants State Farm and Ciber be granted (d/e's 27, 29), and that the claims against them be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court FURTHER RECOMMENDS that Defendant Covey be dismissed for failure to timely serve him pursuant to Fed. R. Civ. P. 4(m). The Court ALSO RECOMMENDS that the Court decline supplemental jurisdiction over the remaining state claim against Defendant Covey, and dismiss said claim without prejudice to refiling in state court, thus terminating this federal case in its entirety.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).

ENTER:    March 24, 2006

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE